UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ASCEND CAPITAL LLC,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>MOOLEX LLC and JANE DOE<br>and JOHN DOE, INC.,<br><br>　　　　Defendants,<br><br>and<br><br>RAHUL CHATURVEDI,<br><br>　　　　Defendant and<br>　　　　Counterclaim Plaintiff,<br>　　　v.<br><br>ASCEND CAPITAL LLC,<br>ARVIND KUMAR JAISWAL, EPILOG<br>HEALTH LLC, and ASCEND HEALTH<br>CARE SYSTEMS LLC,<br><br>　　　　Counterclaim Defendants. | Civil Action No.<br>21-10972-FDS |

**MEMORANDUM AND ORDER ON RAHUL CHATURVEDI'S EMERGENCY
<u>MOTION FOR A RESTRAINING ORDER</u>**

**SAYLOR, C.J.**

　　This order resolves an emergency motion for a restraining order filed by defendant and counterclaim plaintiff Rahul Chaturvedi, seeking relief against counterclaim defendant Arvind Kumar Jaiswal.

I.      **Background**

The motion alleges that on January 26, 2023, Chaturvedi was involved in an accident in Falmouth Heights. (Mot. ¶¶ 1-2). An oncoming vehicle apparently appeared without lights and swerved into his vehicle. (*Id.* ¶ 3). Chaturvedi swerved out of the way and hit a curb. (*Id.* ¶ 4). The other vehicle allegedly drove away without allowing Chaturvedi to record the license plate. (*Id.* ¶ 5).

The morning of the accident, a "consultant" allegedly sent an e-mail to Chaturvedi and his wife, which "was egregiously libelous and parroted Jaiswal's often-stated narrative in previously sent threatening mailed or hand-delivered letters." (*Id.* ¶¶ 10-11). On January 28, the consultant sent another e-mail, appearing to offer an apology. (*Id.* ¶ 13). On January 30, Chaturvedi and his wife received a letter that had "familiar type-font and label as sent by Jaiswal in prior mails during 2020-2022." (*Id.* ¶¶ 14-15). Chaturvedi has submitted images of the envelopes, but has not included the text of the e-mails or letters.

As "relevant background," the motion alleges that Chaturvedi has received extensive mail threatening his deportation and separation from his family. (*Id.* ¶ 18). It alleges that Jaiswal posted defamatory information online, that another individual demanded that Chaturvedi provide a sworn financial statement in a court proceeding, and that Chaturvedi has received demands to cease pursuing remedies in court. (*Id.* ¶¶ 21-23). The motion contends that "[t]he slander and libelous circulation combined with extortionate threats coordination resulted in intense distress and humiliation for Chaturvedi and his family." (*Id.* ¶ 22). Furthermore, the alleged harassment has caused him to miss court-imposed deadlines. (*Id.* ¶¶ 25, 29).

On February 2, 2023, Chaturvedi filed this "emergency motion for a restraining order," requesting that the Court enjoin Jaiswal from communicating with Chaturvedi, his family, or his business associates, or inflicting unlawful harm.

## II.     Preliminary Injunction Standard

Because Jaiswal has submitted a memorandum in opposition to the motion, the Court will treat the motion as one for a preliminary injunction.

To issue a preliminary injunction under Fed. R. Civ. P. 65, a district court must find that the moving party has established (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm absent interim relief, (3) that the balance of equities weighs in his favor, and (4) that a preliminary injunction is in the public interest. *Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).  Of those factors, the likelihood of success on the merits "normally weighs heaviest in the decisional scales." *Coquico, Inc. v. Rodriguez-Miranda*, 562 F.3d 62, 66 (1st Cir. 2009); *see also New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002) ("The sine qua non of this four-part inquiry is likelihood of success on the merits:  if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity.").  Furthermore, "[t]he burden of demonstrating that a denial of interim relief is likely to cause irreparable harm rests squarely upon the movant." *Charlesbank Equity Fund II v. Blinds To Go, Inc.*, 370 F.3d 151, 162 (1st Cir. 2004).

Here, the motion fails to identify any claim to support a preliminary injunction.  To the extent that Chaturvedi alleges defamation, he has failed to provide any details of the alleged statements or any facts that could connect Jaiswal to the alleged e-mails and letters.  To the extent he alleges an intentional tort tied to the car accident, there are again no facts tying Jaiswal to that incident.  Furthermore, and in any event, the counterclaim alleges claims for cancellation of the trademark registration, trademark infringement, and deceptive business practices; there are no claims for defamation or any other tort.

Accordingly, the motion will be denied.

### III. Conclusion

For the foregoing reasons, the motion of defendant Rahul Chaturvedi for a restraining order is DENIED.

**So Ordered.**

Dated: August 10, 2023

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court