UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ASCEND CAPITAL LLC, | ) | |
| Plaintiff, | ) ) ) | Civil Action No. 21-10972-FDS |
| v. | ) ) | |
| MOOLEX LLC and JANE DOE and JOHN DOE, INC., | ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| RAHUL CHATURVEDI, | ) ) | |
| Defendant and Counterclaim Plaintiff, | ) ) ) | |
| v. | ) ) | |
| ASCEND CAPITAL LLC, ARVIND KUMAR JAISWAL, EPILOG HEALTH LLC, and ASCEND HEALTH CARE SYSTEMS LLC, | ) ) ) ) ) | |
| Counterclaim Defendants. | ) ) | |

**MEMORANDUM AND ORDER ON MOTIONS TO DISMISS COUNTERCLAIMS BY ASCEND CAPITAL LLC, ARVIND KUMAR JAISWAL, EPILOG HEALTH LLC, AND <u>ASCEND HEALTH CARE SYSTEMS LLC</u>**

**SAYLOR, C.J.**

This is a dispute concerning a trademark. Ascend Capital LLC has registered trademarks with the United States Patent and Trademark Office for the mark "NuSpeech" and a logo comprising the same term. It seeks a declaration of exclusive rights to use the trademark and logo in the United States internet-based healthcare services sector, and an injunction against use

of the marks by Rahul Chaturvedi. Chaturvedi has filed a counterclaim for cancellation of the trademarks, infringement under the Lanham Act and the common law, and unfair and deceptive business practices under Mass. Gen. Laws ch. 93A.

Ascend Capital, its owner Arvind Kumar Jaiswal, and two of Jaiswal's other business entities, Epilog Health LLC and Ascend Health Care Systems LLC, have moved to dismiss the claims asserted against them.

For the following reasons, the motions to dismiss will be granted.

I.      **Factual and Procedural Background**

Unless otherwise noted, the facts are drawn from the amended complaint, the amended answer, and attached documents.[1]

A.      **The Parties**

Ascend Capital LLC ("Ascend Capital") is a limited liability company organized under the laws of Nevada. (Compl. ¶ 1).[2]

Moolex, LLC is organized under the laws of Delaware, and maintains a business office in Massachusetts. (*Id.* ¶ 2).

Rahul Chaturvedi is the CEO of Moolex and resides in Massachusetts. (*Id.* ¶ 3).

Epilog Health LLC ("Epilog Health") is registered in Nevada. (Countercl. ¶ 12). The counterclaim alleges that it "has developed a new online presence for NuSpeech trademark-bearing software and services" since Ascend Capital filed its complaint. (*Id.*).

---

[1] On a motion to dismiss, the court may properly take into account four types of documents outside the complaint without converting the motion into one for summary judgment: (1) documents of undisputed authenticity; (2) documents that are official public records; (3) documents that are central to plaintiff's claim; and (4) documents that are sufficiently referred to in the complaint. *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993).

[2] The complaint does not list the citizenship of the LLC members for either Ascend Capital or Moolex.

Ascend Health Care Systems LLC ("Ascend Health Care") is registered in Nevada and allegedly "engaged in marketing NuSpeech licensed software during 2000-2005." (*Id.* ¶ 13).

Arvind Kumar Jaiswal is the "controlling owner and manager" of Ascend Capital, Epilog Health, and Ascend Health Care. (*Id.* ¶ 4). He resides in Virginia. (*Id.* ¶ 10).

B. **Chaturvedi's Use of the Mark**

According to the counterclaim, beginning in 2000, Chaturvedi created software used for transcription services in the medical, financial, and legal sectors; he marketed the product under the "NuSpeech" mark. (Countercl. ¶¶ 3, 26). Since 2000, the rights to the marks have been licensed to various entities, including at least one based in the United States called NuSpeech Communications Corporation. (Countercl. ¶ 76; Chaturvedi Decl. ¶ 51). In 2009, the mark was licensed to an entity called the "CA-System," which has "members" in India, the Philippines, and Malaysia. (Countercl. ¶ 23, 29).[3] Chaturvedi apparently entered into discussions in 2018 to deploy NuSpeech technologies in Asia. (*Id.* ¶ 6, 26-31, 35). He engaged in "early discussions with government agencies," though "several of these initiatives were thwarted." (*Id.* at 28-29). NuSpeech technologies apparently have been used in the United States in the past; the counterclaim alleges that the "NuSpeech marks have been promoted during the years to healthcare and financial services clients and achieved the distinction of executing contracts with [two clients] in the U.S." (*Id.* ¶¶ 26, 31, 84).

In 2018, Jaiswal became a "patron" to a CA-System project. (*Id.* ¶¶ 36-37). He was temporarily involved with the launch of the "NuSpeech Telephony Server" in Asia. (*Id.* ¶¶ 35-41). In 2019, Jaiswal apparently began to market NuSpeech products as part of Chaturvedi's efforts to develop support service infrastructure for clients in the United States and Europe. (*Id.*

---

[3] It is not clear from the counterclaim whether the CA-System is a legal entity, and, if so, what type.

¶ 42).  He also sought permission to use the NuSpeech logo on marketing materials.  (*Id.* ¶ 44).

      C.      **<u>The Trademarks</u>**

In November 2019, Epilog Health filed applications with the United States Patent and Trademark Office ("USPTO") for two trademarks:  one for a logo containing "NUSPEECH," and the other for the word "NUSPEECH."  (Compl. ¶ 9).  The complaint alleges that "Epilog had used both the word and the logo prior to filing the trademark applications."  (*Id.* ¶ 10).  According to the complaint, Epilog Health had searched for and found no current trademarked use of the word or logo in the field of internet-based healthcare services.  (*Id.* ¶¶ 10-12).  There were no objections or comments filed in the 60-day period prior to the USPTO granting the trademark.  (*Id.* ¶ 13).

The USPTO registered the logo trademark on September 15, 2020 (Registration No. 6155190), and the word trademark on October 6, 2020 (Registration No. 6225386), both for use in connection with internet-based healthcare information services.  (*Id.* ¶¶ 14-15; Exs. A-B).[4]  Epilog Health assigned the rights to the trademarks to Ascend Capital.  (Compl. ¶ 17).

According to the counterclaim, Jaiswal did not inform Chaturvedi of his trademark applications.  (Countercl. ¶ 48).  In those applications, he declared that he had used the word mark in commerce "at least as early as June 1, 2009."  (*Id.* ¶ 46).  He did not disclose knowledge of Chaturvedi's use of the mark.  (*Id.*).  Chaturvedi learned of the trademark registrations after receiving a cease-and-desist letter from Jaiswal in October 2020.  (*Id.* ¶ 48).

Jaiswal allegedly altered his company websites to include the word "NuSpeech" for the

---

[4] According to the USPTO trademark database, the logo mark was filed based on intent to use and is currently registered based on actual use.  (Dkt. No. 63, Ex. A).  Its listed first use in commerce is January 1, 2020.  The word mark was filed and is currently registered based on actual use, and the first use in commerce is listed as June 1, 2009.  (*Id.*).

first time only after Chaturvedi filed pleadings in this lawsuit in 2021. (*Id.* ¶ 52). The counterclaim alleges that neither Jaiswal nor the other counterclaim defendants "had any bona fide basis whatsoever to procure registrations of the marks at issue, and they have intentionally infringed Chaturvedi's rights, who is the senior and bona fide user." (*Id.* ¶ 54).

  **D.** **Procedural Background**

On June 10, 2021, Ascend Capital, as assignee of Epilog Health, filed a complaint against Moolex, Rahul Chaturvedi, and unidentified persons and entities. The complaint seeks a declaration that Ascend Capital has exclusive rights to use the NuSpeech word and logo in the United States and in the internet-based healthcare services sector, and that neither Moolex nor Chaturvedi has the right to use the word or logo (Count 1). It also seeks a preliminary and permanent injunction prohibiting defendants from using the word mark or logo (Count 2).

On January 10, 2022, Chaturvedi filed an answer to the complaint. On January 13, 2022, the court entered a notice of default as to Moolex, for failure to plead or otherwise defend. On February 3, 2022, Chaturvedi amended his answer to add the following counterclaim against Jaiswal, Epilog Health, Ascend Health Care, and Ascend Capital: a petition for cancellation of trademark registration No. 6225386 (Count 1); a petition for cancellation of trademark registration No. 6155190 (Count 2); trademark infringement under the Lanham Act (Count 3); common-law trademark infringement (Count 4); and a violation of Mass. Gen. Laws ch. 93A (Count 5).

On October 21, 2022, Ascend Capital filed a motion to dismiss the counterclaim. Ascend Health Care, Epilog Health, and Jaiswal filed a separate motion to dismiss the counterclaim against them.

**II.     Motion to Dismiss by Arvind Jaiswal, Epilog Health LLC, and Ascend Health Care Systems LLC**

Jaiswal, Epilog Health, and Ascend Health Care have moved to dismiss the claims against them for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), for failure to comply with Fed. R. Civ. P. 14, and for failure to state a claim. Because the Court determines that it lacks personal jurisdiction over the counterclaim defendants, it will not reach the other grounds for dismissal.

**A.     Personal Jurisdiction Standard**

The plaintiff bears the burden of establishing that the court has personal jurisdiction over a defendant. *See Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 50 (1st Cir. 2002). Where, as here, the court considers a motion to dismiss under Fed. R. Civ. P. 12(b)(2) without first holding an evidentiary hearing, the *prima facie* standard applies. *See United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 618 (1st Cir. 2001).

Under that standard, the court takes the plaintiff's "properly documented evidentiary proffers as true and construe[s] them in the light most favorable to [the plaintiff's] jurisdictional claim." *A Corp. v. All Am. Plumbing, Inc.*, 812 F.3d 54, 58 (1st Cir. 2016). The plaintiff may not "rely on unsupported allegations in its pleadings." *Id.* (quoting *Platten v. HG Bermuda Exempted Ltd.*, 437 F.3d 118, 134 (1st Cir. 2006)) (alteration omitted). Instead, the plaintiff "must put forward 'evidence of specific facts' to demonstrate that jurisdiction exists." *Id.* (quoting *Foster-Miller, Inc. v. Babcock & Wilcox Canada*, 46 F.3d 138, 145 (1st Cir. 1995)). Facts offered by the defendant "become part of the mix only to the extent that they are uncontradicted." *Astro-Med, Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 8 (1st Cir. 2009) (quoting *Adelson v. Hananel*, 510 F.3d 43, 48 (1st Cir. 2007)).

The exercise of personal jurisdiction over a defendant must be authorized by statute and

6

consistent with the due-process requirements of the United States Constitution. *See A Corp.*, 812 F.3d at 58 (citing *Daynard*, 290 F.3d at 52). Consistent with those requirements, a court may exercise either general or specific jurisdiction. *See Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc.*, 825 F.3d 28, 35 (1st Cir. 2016).

> Specific jurisdiction exists when there is a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities. General jurisdiction exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state.

*Swiss Am. Bank*, 274 F.3d at 618 (citations and quotation marks omitted).

### B. General Jurisdiction

"For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011); Mass. Gen. Laws ch. 223A, § 2. The counterclaim alleges that Jaiswal is a resident of Virginia, and therefore, the Court may not exercise general jurisdiction over him. (Countercl. ¶ 10).

As to Epilog Health and Ascend Health Care, the counterclaim alleges that they are registered in Nevada and have engaged in commercial transactions with Chaturvedi and the CA-System, but provide no specific details on those transactions. (Countercl. ¶¶ 11-12). Furthermore, the counterclaim alleges personal jurisdiction based on Jaiswal's "use" of Epilog Health and Ascend Health Care, and the fact that those entities "purport[] to market [their] products in Massachusetts." (*Id.* ¶ 17-18). However, the products and the nature and extent of the marketing activities are not specified. The counterclaim does not contend that the defendants have "affiliations with [Massachusetts] . . . so 'continuous and systematic' as to render them essentially at home." *Goodyear*, 564 U.S. at 919 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)). Nor does it allege that their affiliations with Massachusetts are so

substantial that they are "comparable to a domestic enterprise in that State." *Daimler AG v. Bauman*, 571 U.S. 117, 133 n.11 (2014).

Accordingly, the Court may not exercise general jurisdiction over Jaiswal, Epilog Health, or Ascend Health Care.

      C.      **<u>Specific Jurisdiction</u>**

To establish specific jurisdiction, due process requires that a plaintiff satisfy three conditions.

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must be reasonable.

*Copia Commc'ns, LLC v. AMResorts, L.P.*, 812 F.3d 1, 4 (1st Cir. 2016) (quoting *Phillips v. Prairie Eye Ctr.*, 530 F.3d 22, 27 (1st Cir. 2008)) (internal alteration omitted). "To show relatedness, [the plaintiff] must produce evidence that shows [his] 'cause of action either arises directly out of, or is related to, the defendant's forum-based contacts.'" *LP Sols. LLC v. Duchossois*, 907 F.3d 95, 103 (1st Cir. 2018) (quoting *Harlow v. Children's Hosp.*, 432 F.3d 50, 61 (1st Cir. 2005)).

Here, the counterclaim does not identify any activities engaged in by the counterclaim defendants in Massachusetts related to the claims. The infringement and cancellation claims are based upon the federal registration of the NuSpeech trademarks, and do not allege use of the trademarks in Massachusetts. Furthermore, while the counterclaim alleges that Jaiswal entered into contracts with the CA-System, they do not allege that those contracts took place in

Massachusetts, or even that they form the basis of the claims alleged here.[5]  Therefore, Chaturvedi has failed to show that his claims arise out of, or relate to, defendants' activities in the state.

Because Chaturvedi has not satisfied the relatedness prong, the Court need not consider whether counterclaim defendants purposely availed themselves of the forum state or whether the exercise of specific jurisdiction would be reasonable.  *See Phillips Exeter Acad. v. Howard Phillips Fund*, 196 F.3d 284, 288 (1st Cir. 1999) ("An affirmative finding on each of the three elements of the test is required to support a finding of specific jurisdiction.").

Because the exercise of personal jurisdiction over Jaiswal, Epilog Health, and Ascend Health Care would not comport with due process, the Court will grant their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2).

### III.   Motion to Dismiss by Ascend Capital LLC

Ascend Capital has moved to dismiss the claims asserted against it on the following grounds.  First, it contends that the trademark claims should be dismissed for failure to allege current use of the marks at issue.  Second, it asserts that the Chapter 93A claims should be dismissed because Chaturvedi has failed to allege the necessary elements of the claim, and for failure to satisfy the heightened pleading standards of Fed. R. Civ. P. 9(b).

---

[5] Chaturvedi has moved to file additional exhibits in addition to his opposition memorandum. (Dkt. No. 89).  That document includes an additional 69 pages of "facts and pleadings," as well as more than 500 pages of exhibits.  In his opposition, Chaturvedi cites to those documents in support of his contention that personal jurisdiction exists.  The proposed filing is voluminous, and much of the specifically cited material is clearly irrelevant.  "It is not the court's role to search through the [] record for material that might support a party's factual assertions." *Tum v. Barber Foods, Inc.*, 2002 WL 89399, at *13 n.11 (D. Me. Jan. 23, 2002).  Even if the Court were to consider those additional documents, they are largely conclusory and unsupported.  To the extent that they show any connection between defendants and Massachusetts, those connections do not appear to be related to the use of the NuSpeech mark.  Accordingly, the counterclaim plaintiff has not met his burden of producing "properly documented" evidence in support of personal jurisdiction. *A Corp.*, 812 F.3d at 58.

### A.     Rule 12(b)(6) Standard

To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). When determining whether a complaint satisfies that standard, a court must assume the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences. *See Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Médico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

### B.     Cancellation of Trademarks

Counterclaim Counts 1 and 2 seek cancellation of Ascend Capital's rights in the NuSpeech mark and logo. In particular, the claims allege that Chaturvedi had common-law trademark rights with a priority-use date, that the counterclaim defendants did not engage in *bona fide* use of the mark prior to or after the applications, and that the registrations were fraudulently obtained. (Countercl. ¶¶ 56-71).

A person "who believes that he is or will be damaged . . . by the registration of a mark on the principal register" is entitled to petition to cancel a registration. 15 U.S.C. § 1064.

The Supreme Court has held that entitlement to a statutory cause of action under the Lanham Act requires demonstrating (1) an interest falling within the zone of interests protected by the Act and (2) an injury proximately caused by a violation of the Act. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 129, 132 (2014). To satisfy the zone of interests requirement under § 1064, a party must demonstrate a real interest in the proceeding and a reasonable belief of damage. *Australian Therapeutic Supplies Pty. Ltd. v. Naked TM, LLC*, 965 F.3d 1370, 1374 (Fed. Cir. 2020). A party need not have proprietary rights in its own mark to bring a cause of action under § 1064. *Id.* However, it must allege an "injury to a commercial interest in reputation or sales." *Meenaxi Enter., Inc. v. Coca-Cola Co.*, 38 F.4th 1067, 1072 (Fed. Cir. 2022) (quoting *Lexmark*, 572 U.S. at 132).

Here, the counterclaim does not allege sufficient facts to support a claim for an injury to a commercial interest of Chaturvedi. It generally states that Chaturvedi is being irreparably harmed and damaged by the registration of the NuSpeech mark. But it does not allege specific facts to support those claims. Chaturvedi has apparently sold NuSpeech branded technologies in the past, but the counterclaim identifies no more than "potential clients," "plans," and "discussions" to expand into new markets in the present. Nor are there any allegations that Ascend Capital has used the trademarks in a way that would divert sales or harm Chaturvedi's reputation, beyond the conclusory statements that Jaiswal "instigated controversy with . . . prospective clients by falsely representing the source and origin of the intellectual property and associated marks." (Countercl. ¶ 4).[6] *See Meenaxi Enter.*, 38 F.4th at 1069 (no statutory standing under *Lexmark* to bring cancellation claim where plaintiff failed to show lost sales or reputational injury). Instead, the counterclaim alleges that the purpose of Jaiswal's registration

---

[6] Counterclaim plaintiff appears to allege that Jaiswal's acts are attributable to Ascend Capital.

of the NuSpeech marks "was to spite Chaturvedi and be able to contrive a claim on which to file this action." (Countercl. ¶ 47).[7] That does not constitute a cognizable injury to a commercial interest—even assuming, for present purposes, that an injury occurring wholly outside the United States would be sufficient to support a cancellation claim.

Accordingly, the counterclaim fails to allege sufficient plausible facts to support a claim for damages arising out of Ascend Capital's use of the marks. The motion to dismiss Counts 1 and 2 will therefore be granted.

### C. Trademark Infringement

Counts 3 and 4 allege that Chaturvedi's rights to the NuSpeech marks have priority over the registrations, and that use of the marks by Ascend Capital is likely to cause consumer confusion. Ascend Capital has moved to dismiss the infringement claims on the ground that Chaturvedi has failed to show current use of the trademarks or a likelihood of consumer confusion.

Chaturvedi lacks statutory standing to pursue his infringement claim under § 1125(a)(1)(A) for the same reasons he lacks entitlement to bring the cancellation claims. *See Ahmed v. Hosting.com*, 28 F. Supp. 3d 82, 91 (D. Mass. 2014) (dismissing § 1125(a) claim for failure to show injury to a commercial interest under *Lexmark*).

However, even if he had satisfied the requirement of statutory standing, his infringement claims would still fail. "To prevail in an action for trademark . . . infringement, the plaintiff must establish: '(1) that he uses, and thereby 'owns,' a mark, (2) that the defendant is using that same or a similar mark, and (3) that the defendant's use is likely to confuse the public, thereby

---

[7] The trademark registrations list Epilog Health as the registrant and Ascend Capital as the last listed owner. (Dkt. No. 63, Ex. A).

harming the plaintiff.'" *Star Financial Services, Inc. v. AASTAR Mortg. Corp.*, 89 F.3d 5, 9 (1st Cir. 1996) (quoting *DeCosta v. Viacom Int'l, Inc.*, 981 F.2d 602, 605 (1st Cir. 1992)).

For the reasons discussed above, the counterclaim fails to allege that Chaturvedi currently uses the mark. *See Southgate v. Soundspark, Inc.*, 2016 WL 1268253, at *3 (D. Mass. Mar. 31, 2016), *aff'd sub nom. Southgate v. SoundSpark, Inc*, 2017 WL 3374542 (1st Cir. Jan. 4, 2017) ("To allege a valid trademark infringement claim, a plaintiff must allege current, not future or past, use of a mark."). To the extent that he alleges use outside the United States, "foreign use has no effect on U.S. commerce and cannot form the basis for a holding that [he] has priority here." *Person's Co. v. Christman*, 900 F.2d 1565, 1568 (Fed. Cir. 1990); *see also* 5 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 29:3 (5th ed.). More importantly, the counterclaim has not alleged specific facts showing infringing use of the marks by Ascend Capital. In fact, it alleges the opposite—that the defendants did not engage in *bona fide* use either before the trademark application or after. The only fact specifically alleged is that Jaiswal redesigned the websites of the Ascend Capital entities at some point after the filing of this suit "to show the NuSpeech marks front and center." (Countercl. ¶ 27). However, the counterclaim provides no additional detail from which a reasonable inference of consumer confusion could be drawn. *See Beacon Mut. Ins. Co. v. OneBeacon Ins. Grp.*, 376 F.3d 8, 15 (1st Cir. 2004) (listing eight factors used to assess the likelihood of confusion, all of which compare the parties' use of the marks and business activities). The counterclaim therefore fails to state a claim for infringement under the Lanham Act.

In addition, because the elements that must be proved to succeed in a trademark infringement claim under Massachusetts common law are the same as those required for claims under the Lanham Act, the common-law infringement claim must also fail. *Bose Corp. v. Ejaz*,

732 F.3d 17, 26 n.7 (1st Cir. 2013).

Accordingly, the motion to dismiss Counts 3 and 4 will be granted.

### D.     Chapter 93A Claims

Count 5 asserts a claim under Mass. Gen. Laws ch. 93A.  Specifically, it alleges that Jaiswal used Ascend Capital to profit from deceptive business practices by misrepresenting his role within the CA System and by attempting to alter and later covertly registering the NuSpeech trademarks.

To the extent that the Chapter 93A claim is based upon the registration of the trademarks, it must fail for the reasons stated above.  And to the extent that the claim is based upon acts unrelated to the registration of the trademarks, the counterclaim fails for several reasons.  First, the counterclaim provides nothing more than a conclusory assertion that Ascend Capital has engaged in commercial transactions with Chaturvedi.  (Countercl. ¶ 11).  *Milliken & Co. v. Duro Textiles, LLC*, 451 Mass. 547, 563 (2008) (Chapter 93A "requires a dual inquiry whether there was a commercial transaction between a person engaged in trade or commerce and another person engaged in trade or commerce").  And even if any alleged misrepresentations by Jaiswal could be attributed to Ascend Capital, those allegations do not meet the heightened pleading requirements of Fed. R. Civ. P. 9(b).  Second, the counterclaim does not allege damages resulting from the allegedly deceptive acts.  *See Weeks v. Harbor Nat'l Bank*, 388 Mass. 141, 144 n.2 (1983) ("[D]amages are an essential element of the cause of action."); Mass. Gen. Laws ch. 93A, § 11 (extending cause of action to "[a]ny person who engages in the conduct of any trade or commerce and who suffers any loss of money or property, real or personal" as a result of another's deceptive or unfair act).  And third, the counterclaim does not allege any facts suggesting that the relevant acts occurred "primarily and substantially" within Massachusetts,

14

beyond the unsupported assertion that Ascend Capital did business with Chaturvedi, who apparently lives in Massachusetts. Mass. Gen. Laws ch. 93A, § 11; *see also American Mgmt. Servs., Inc. v. George S. May Int'l Co.*, 933 F. Supp. 64, 68 (D. Mass. 1996) ("Something more than a Massachusetts plaintiff is required to invoke the provisions of Chapter 93A.").

Accordingly, the motion to dismiss Count 5 will be granted.

### IV.   Conclusion

For the foregoing reasons, the motions of Ascend Capital LLC, Arvind Kumar Jaiswal, Epilog Health LLC, and Ascend Health Care Systems LLC to dismiss Counterclaim Counts 1 through 5 are GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor, IV
Chief Judge, United States District Court

Dated:  August 10, 2023